UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VIRGINIA BOOKER, ET AL.**                               **CIVIL ACTION**

**VERSUS**                                                        **No. 21-1347**

**ST. JOSEPH OF HARAHAN, L.L.C., ET AL.**       **SECTION I**

**ORDER & REASONS**

Before the Court is an unopposed motion[1] to re-open this case, filed by plaintiffs, Virginia Booker and Valerie Booker, individually and on behalf of the estate of Leon Booker ("the Bookers"). Plaintiffs request that the Court re-open this case and rule on their previously filed motion[2] to remand. Defendant, St. Joseph of Harahan, L.L.C. ("St. Joseph"), opposes[3] the motion to remand.[4] With the benefit of the Fifth Circuit's recent opinion in *Mitchell v. Advanced HCS, L.L.C., et al.*, 28 F.4th 580 (5th Cir. 2022), the Court re-opens this case and grants the motion to remand.

**I.**

The Bookers originally filed[5] this action in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. In general, the Bookers allege that their father, Leon Booker, was a resident at St. Joseph, an assisted living facility, in March 2020

---

[1] R. Doc. No. 12.
[2] R. Doc. No. 4 (motion); R. Doc. No. 8 (reply memorandum).
[3] R. Doc. No. 5.
[4] In the motion to re-open the case, plaintiffs state that "[d]efense counsel has been contacted and confirmed he has no objection to this request." *See* R. Doc. No. 12, at 1. Following a telephone inquiry by the Court, defense counsel confirmed that St. Joseph opposes the remand of this case, but St. Joseph is satisfied to rely on its briefing already filed in the record without offering any further argument.
[5] R. Doc. No. 1-1 (state court petition for damages).

when he contracted COVID-19 and died.[6] The Bookers allege that St. Joseph and its staff "chose not to follow proper administrative protocols in staff/employee and resident screening, monitoring, facility visitation restrictions, and other administrative control measures in the face of the world-wide Coronavirus Pandemic."[7] The Bookers assert that St. Joseph was negligent and that it is responsible for the actions of its staff and managers "pursuant to the doctrine of *respondeat superior*."[8] The Bookers' petition also includes claims for wrongful death, survival, and premises liability.[9]

St. Joseph removed[10] the case to this Court. It contends that the Bookers' claims fall within the scope of the Public Readiness and Emergency Preparedness Act ("PREP Act"), *see* 42 U.S.C. §§ 247d-6d, 247d-6e.[11] Based on that premise, St. Joseph argues that the doctrine of complete preemption establishes federal jurisdiction, justifying removal.[12] The Bookers argue that this case should be remanded to state court.[13]

The parties previously agreed to stay and administratively close this case pending the United States Court of Appeals for the Fifth Circuit's resolution of an appeal concerning the PREP Act in the case of *Perez v. Southeast SNF, L.L.C. et al.*,

---

[6] *Id.* at 3.
[7] *Id.*
[8] *Id.* at 5.
[9] *Id.* at 5–6.
[10] R. Doc. No. 1.
[11] R. Doc. No. 5, at 4.
[12] *Id.* at 3, 9–10.
[13] R. Doc. No. 4.

No. 21-50399.[14] The Court ordered that any party could move to re-open the case after the Fifth Circuit filed its opinion in *Perez*,[15] and the Bookers timely filed a motion to re-open this case.[16]

## II.

Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending, unless Congress provides otherwise. 28 U.S.C. § 1441(a). Further, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

As a general matter, "questions concerning federal question jurisdiction are resolved by application of the 'well-pleaded complaint' rule." *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152-53 (1908)). "The rule provides that the plaintiff's properly pleaded complaint governs the jurisdictional inquiry." *Id*. at 243-44. "If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Id*.

---

[14] R. Doc. No. 9 (minute entry). The Fifth Circuit issued its opinion in *Perez v. Southeast SNF, L.L.C., et al.*, No. 21-50399, 2022 WL 987187 (5th Cir. 2022) (per curiam) on the same date as its opinion in *Mitchell v. Advanced HCS, L.L.C., et al.*, 28 F.4th 580 (5th Cir. 2022).
[15] *Id*. at 2.
[16] R. Doc. No. 12.

at 244 (citing *Franchise Tax Bd. of the State of Cali. v. Constr. Laborers Vacation Trust for S. Cali.*, 463 U.S. 1, 10 (1983)) (emphasis added).

The removing party "bears the burden of demonstrating that a federal question exists." *Gulf Coast Plastic Surgery, Inc. v. Standard Ins. Co.*, 562 F. Supp. 2d 760, 764 (E.D. La. June 3, 2008) (Vance, J.) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "Because a defendant may remove a case to federal court only if the plaintiff could have brought the action in federal court from the outset, the question of removal jurisdiction must also be determined by reference to the well-pleaded complaint." *Id.* (internal quotation marks omitted). In other words, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.*, 463 U.S. at 10. Defenses raising federal questions do not suffice to confer federal jurisdiction under § 1331. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Where a plaintiff asserts only state law claims, "federal question jurisdiction does not exist unless the 'vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Gulf Coast Plastic Surgery*, 562 F. Supp. 2d at 764 (quoting *Merrell Dow*, 478 U.S. at 809) (emphasis added) (alteration in original). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005).

"Complete preemption is an exception to the well-pleaded complaint rule." *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 585 (5th Cir. 2022). "It creates federal jurisdiction if Congress, by statute, 'completely pre-empt[s] a particular area [such] that any civil complaint raising [the] select group of claims is necessarily federal in character.'" *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)). "That happens when a federal law creates an 'exclusive cause of action' and 'set[s] forth procedures and remedies governing that cause of action,' such that it 'wholly displaces the state-law cause of action.'" *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).[17]

To establish complete preemption, a party must show that: (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear congressional intent that the federal cause of action be exclusive. *Mitchell*, 28 F.4th at 585 (citing *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008)).

With respect to the PREP Act, "once the Secretary promulgates a declaration [of a public health emergency], most injuries caused by a covered person administering a covered countermeasure are subject to the sole remedy of a

---

[17] "Complete preemption should not be confused with ordinary or defensive preemption." *Mitchell*, 28 F.4th at 585 n.2. "Complete preemption gives federal courts the power to adjudicate a case in the first place, while defensive preemption is an affirmative defense that a defendant can invoke to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law." *Id.* (internal citations and quotation marks omitted). "Because defenses are not raised on the face of the complaint, defensive preemption does not create federal question jurisdiction." *Id.*

compensation fund." *Mitchell*, 28 F.4th at 586. The Fifth Circuit has held that "the compensation fund that the Act creates is not completely preemptive under [Fifth Circuit] precedents." *Id*. Accordingly, the PREP Act "[d]oes not completely preempt [a plaintiff's] state-law negligence claims." *Id.*; *accord Perez v. Southeast SNF, L.L.C., et al.*, 2022 WL 987187, at *2 (5th Cir. 2022) (per curiam) ("this court determined in *Mitchell* that the PREP Act 'does not completely preempt ... state-law negligence claims.'").

### III.

In its notice of removal, St. Joseph relies on the PREP Act, asserting that the PREP Act "presents a federal question applicable to the instant matter, granting [this Court] original jurisdiction over the claims asserted by plaintiffs."[18] Similarly, in opposition to the Bookers' motion to remand, St. Joseph argues that "the PREP Act applies to all of the [Bookers'] allegations,"[19] and the doctrine of complete preemption justifies removal.[20]

St. Joseph only invokes the doctrine of complete preemption, and it states no other grounds upon which to base removal.[21] Similarly, St. Joseph offers no other

---

[18] R. Doc. No. 1, at 4.
[19] R. Doc. No. 5, at 2.
[20] *Id*. at 5. In support of its argument, St. Joseph chiefly relies on *Garcia v. Welltower OpCo Group, L.L.C.*, 522 F. Supp. 3d 734 (C.D. Cal. 2021), which held that, with respect to federal court jurisdiction, "the PREP Act provides for complete preemption." *Id*. at 743. Following *Garcia*, the Ninth Circuit held that "the PREP Act is not a complete preemption statute." *Saldana v. Glenhaven Healthcare, LLC*, 27 F.4th 679, 688 (9th Cir. 2022).
[21] For instance, St. Joseph's notice of removal does not address the citizenship of the parties or the amount in controversy based on the Bookers' claims. *See generally* R. Doc. No. 1.

persuasive authority that the Fifth Circuit did not address in *Mitchell*.[22]  Therefore, the PREP Act does not completely preempt the Bookers' state law claims.[23]

Overall, St. Joseph has not established that the Bookers' petition presents a federal question.  In this posture, St. Joseph has not met its burden of demonstrating

---

[22] St. Joseph cites to an advisory opinion by the Department of Health and Human Services' ("DHHS") Office of the General Counsel, which St. Joseph filed into the record.  *See* R. Doc. No. 5-1.  However, with respect to DHHS' advisory opinion, the Fifth Circuit concluded that it lacked the "power to persuade," and declined to afford the advisory opinion any deference.  *Mitchell*, 28 F.4th at 585 n.3.

[23] The Bookers style their allegations as "negligence and/or gross negligence and/or willful and wanton conduct and/or acts of reckless disregard[.]"  *See* R. Doc. No. 1-1, at 4.

Under the PREP Act, "[t]here is a narrow exception for willful-misconduct claims, which proceed under an exclusive federal cause of action in the United States District Court for the District of Columbia, but only after the claimant has exhausted administrative remedies."  *Mitchell*, 28 F.4th at 586.  The PREP Act defines "willful misconduct" as "an act or omission that is taken intentionally to achieve a wrongful purpose; knowingly without legal or factual justification; and in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit."  *Id.* (quoting 42 U.S.C. § 247d-6d(c)(1)(A) (cleaned up)).  *See also* 42 U.S.C. § 247d-6d(c)(1)(B) (providing that the willful-misconduct cause of action is based on "a standard for liability that is more stringent than a standard of *negligence in any form or recklessness*.") (emphasis added).

St. Joseph has not argued that the willful-misconduct exception is applicable, and such argument is waived.  *See generally* R. Doc. No. 5 (St. Joseph's memorandum in opposition to remand).  Therefore, St. Joseph has not carried its burden of demonstrating that federal jurisdiction exists with respect to the willful-misconduct exception.  *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("in both civil and criminal cases, in the first instance and on appeal ..., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)); *United States v. Maes*, 961 F.3d 366, 377 (5th Cir. 2020) (noting that failure to adequately brief an argument forfeits the claim).  Moreover, on the face of the state court petition, there is no allegation that the Bookers have exhausted any administrative remedies under the PREP Act.  *See generally* R. Doc. No. 1-1.

that removal was proper. The Fifth Circuit's opinion in *Mitchell*, 28 F.4th at 580, is controlling, and the Bookers' motion for remand must be granted.

## IV.

For all the foregoing reasons,

**IT IS ORDERED** that the Bookers' motion[24] to re-open this case is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion[25] to remand is **GRANTED** because of a lack of subject matter jurisdiction, and this case is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, June 2, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. No. 12.
[25] R. Doc. No. 4.